# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| DANTEZ D. ALEXANDER, | ) | CASE NO. 1:16 cv 1050 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| JUDGE MICHAEL P. DONNELLY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiff Dantez D. Alexander has filed this civil action against Judge Michael P. Donnelly of the Cuyahoga County, Ohio Court of Common Pleas, who is presiding over a state criminal case against plaintiff. He seeks $3,140,000 in damages from Judge Donnelly for allegedly violating his rights. He complains that Judge Donnelly "has ignored" his motions and allowed his attorney "to get [him] to plea out" in the case, and that the docket in the case indicates plaintiff asked for a continuance when, in fact, he did not. (Doc. No. 1 ["Compl."] at 2-3.) For the reasons stated below, this action is summarily dismissed.

Although *pro se* pleadings are generally construed liberally and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citation omitted), the lenient treatment generally accorded

*pro se* plaintiffs "has limits" and *pro se* plaintiffs are "not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). A "district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974) (citing Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction)).

This action must be dismissed pursuant *Apple*. It is well-established that "[j]udicial officers enjoy absolute immunity from liability for monetary damages for conduct within the scope of a court's jurisdiction." *Wright v. Kinneary*, 46 F. App'x 250, 252 (6th Cir. 2002) (citation omitted). "Absolute judicial immunity is overcome only when a judge engages in non-judicial actions or when the judge's actions, though judicial in nature, are taken in complete absence of all jurisdiction." *Id.* (citation omitted).

Plaintiff's allegations all clearly pertain to actions taken by Judge Donnelly within the scope of his judicial duties in a state criminal case. Nothing alleged in the complaint is reasonably construed as suggesting that Judge Donnelly took any action that is "non-judicial" in nature, or in the complete absence of all jurisdiction. Accordingly, Judge Donnelly is absolutely immune from liability in this case.

## Conclusion

For the reasons stated above, plaintiff's allegations against Judge Donnelly "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, [and] no longer open to

discussion," and this action is dismissed pursuant to *Apple.* The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: July 20, 2016

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**